IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Linda Michelle Jones, | ) | C/A No. 5:14-174-JMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Family Health Centers, Inc.; and Leon A. Brunson, Sr., | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff, Linda Michelle Jones ("Jones"), filed this employment case alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq., and the South Carolina Human Affairs Law, S.C. Code Ann. §§ 1-13-10, et seq., as well as a state law claim of intentional infliction of emotional distress. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion to dismiss the claims pursuant to the state Human Affairs Law and for intentional infliction of emotional distress. (ECF No. 7.) Jones filed a response in opposition (ECF No. 10), and the defendants replied (ECF No. 11). Having reviewed the parties' submissions and the applicable law, the court finds that the defendants' motion should be granted in part and denied in part without prejudice.

## BACKGROUND

This matter arises out of Jones's former employment as a nurse with Defendant Family Medical Centers, Inc., a non-profit health care facility. Defendant Brunson at all relevant times served as the facility's chief executive officer. Jones's claims essentially allege that one of the

facility's nurse practitioners sexually harassed Jones, and that Brunson condoned the behavior and required Jones to work with her alleged harasser.

## DISCUSSION

**A.     Motion to Dismiss Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

**B.     Human Affairs Law Claims**

The defendants assert that Jones's claims based on the South Carolina Human Affairs Law must be dismissed under S.C. Code Ann. § 1-13-90(d)(8), which provides in pertinent part:

> No action may be brought under this chapter if an action alleging essentially the same facts and seeking relief for the same complainant has been brought in any federal court. Any action brought under this chapter shall be promptly dismissed if an action alleging essentially the same facts and seeking relief for the same complainant is brought in any federal court.[1]

---

[1] Notably, the plaintiff brought this case in the Orangeburg Court of Common Pleas, from which the defendants removed it to this court.



S.C. Code Ann. § 1-13-90(d)(8).  In support of their position, the defendants acknowledge that cases from this district appear to be split on this issue; however, they urge the court to follow the result reached in Gilchrist v. Parth's Inc., C/A No. 4:10-3034-JMC-SVH, 2011 WL 6842992 (D.S.C. Oct. 3, 2011) (Report & Recommendation, adopted by Order, 2011 WL 6887734 (Dec. 29, 2011)), and Atkinson v. Farrell Chevrolet, C/A No. 7:09-3052-HFF-WMC (D.S.C. Jan. 6, 2010) (Consent Report and Recommendation, ECF No.18, adopted by Order, ECF No. 26 (Feb. 8, 2010)).  For the reasons that follow, the court declines to embrace the defendants' reasoning at this time.

First, despite the defendants' reliance on Gilchrist, the magistrate judge in that case did not actually base her reasoning on the argument presented by the defendants here.[2]  Rather, after acknowledging the argument, the magistrate judge actually rested her recommendation on the conclusion that "to the extent Plaintiff is asserting a claim of race discrimination under [the South Carolina Human Affairs Law], Defendants are entitled to dismissal *on the same grounds discussed in the Title VII section*" in which the magistrate judge recommended granting summary judgment.  Thus, unlike the procedural posture here where the defendants urge the court to dismiss the Human Affairs Law claims prior to any disposition of the analogous Title VII claims, in Gilchrist the court simply concluded that any Human Affairs Law claims based on race discrimination failed for the same reasons the plaintiff's Title VII claims based on race discrimination failed *on the merits*.

This conclusion jibes with the analysis of other judges in this district who have declined to dismiss state Human Affairs Law claims pursuant to S.C. Code Ann. § 1-12-90(d)(8) until after disposition of the corresponding Title VII claims.  See Gleaton v. Monumental Life Ins. Co., 719

---

[2] The district court adopted the magistrate judge's recommendation in Gilchrist without further analysis, as Gilchrist did not file any specific objections to the magistrate judge's report on this issue.  See Gilchrist, 2011 WL 6887734, at *1.



F. Supp. 2d 623, 629-30 (D.S.C. 2010) (Seymour, J.); Ganaway v. Kyoto Hwy. 7, Inc., C/A No. 2:11-cv-2959-RMG, 2012 WL 1354465 (D.S.C. Apr. 18, 2012) (Gergel, J.) (adopting the reasoning in Gleaton).  For the reasons contained in those decisions, the court agrees that the better course when Human Affairs Law claims are pending in federal court in the same action as corresponding claims based on federal statutes is to await disposition of the federal claims before dismissing the state law claims pursuant to S.C. Code Ann. § 1-13-90(d)(8).  Accordingly, the court recommends denying the defendants' motion on this basis without prejudice until such time as Jones's Title VII claims survive a summary judgment motion, if any.[3]

**C.    Intentional Infliction of Emotional Distress Claim Against Defendant Brunson**

Many courts have recognized that the South Carolina Workers' Compensation Act generally provides the exclusive remedy for personal tort injuries.  See, e.g., Dickert v. Metro. Life Ins. Co., 428 S.E.2d 700, 701 (S.C. 1993) ("[A]n employee's action against a company for intentional infliction of emotional distress and assault and battery caused by the action of another employee are within the scope of the [Workers' Compensation] Act since these actions arise from personal injury."); Loges v. Mack Trucks, Inc., 417 S.E.2d 538, 540 (S.C. 1992) (holding that a claim of intentional infliction of emotional distress was barred by the exclusivity provision of the Workers' Compensation Act).; see also Strickland v. Galloway, 560 S.E.2d 448 (S.C. Ct. App. 2002) (stating that the exclusivity remedy doctrine confers immunity "not only on the direct employer, but also on co-employees").  An exception to this general rule of exclusivity may apply when the alleged tortfeasor/co-employee is the "alter ego" of the employer.  See Dickert, 428 S.E.2d at 701.  Here,

---

[3] The court observes that in the other case relied upon by the defendants in support of their motion, Atkinson, C/A No. 7:09-3052-HFF-WMC, the plaintiff *consented* to dismissal of his Human Affairs Law claims pursuant to S.C. Code Ann. § 1-13-90(d)(8).



Jones argues that her claim of intentional infliction of emotional distress falls outside the exclusivity provision of the Workers' Compensation Act because Brunson, as chief executive officer of the company, constitutes its alter ego. However, she points to no South Carolina case directly confronting the question of whether the exclusivity provision constitutes a bar that has applied this exception beyond the circumstance where the alter ego is the alleged harasser. Cf. McClain v. Pactiv Corp., 602 S.E.2d 87, 89 (S.C. Ct. App. 2004) (rejecting plaintiff's argument that the alter ego exception to the exclusivity provision of the Workers' Compensation Act applied in that case where there was no evidence in the record suggesting either alleged tortfeasor/co-employee was a dominant corporate owner or officer). Here, Jones alleges that another co-worker, not Brunson, committed the harassment. Her claim against Brunson rests on allegations that he knew of the conduct but nevertheless forced her to work alongside the harasser. (Compl. ¶ 38, ECF No. 1-1 at 11.) Accordingly, the court concludes based on the facts alleged here that, as with the plaintiff's claim in Loges, Jones's intentional infliction of emotional distress against Brunson is barred by the provisions of the Workers' Compensation Act. See Loges, 417 S.E.2d at 541.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the defendants' motion be granted as to the plaintiff's claim for intentional infliction of emotional distress and denied without prejudice as to her claims pursuant to the South Carolina Human Affairs Law.

July 15, 2014
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).