## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ORANGEBURG DIVISION

| | |
|---|---|
| Linda Michelle Jones, ) | |
| ) | Civil Action No.   5:14-cv-00174-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Family Health Centers, Inc.; and Leon A. ) | |
| Brunson, Sr., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff brought this action alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, and the South Carolina Human Affairs Law, S.C. Code Ann. §§ 1-13-10, *et seq.*, as well as a state law claim for intentional infliction of emotional distress. This matter is before the court for review of the magistrate judge's Report and Recommendation ("Report") (ECF No. 18), filed on July 15, 2014, recommending that Defendants' motion (ECF No. 7) be granted as to Plaintiff's claim for intentional infliction of emotional distress and denied *without* prejudice as to her claims pursuant to the South Carolina Human Affairs Law.  The Report sets forth in detail the relevant facts and legal standards on this matter which the court incorporates herein without a recitation.

The magistrate judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.  "The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination." *Wallace v. Hous. Auth.*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citing *Matthews v. Weber*, 423 U.S. 261, 271 (1976)).  The court is charged with making a *de novo* determination of those portions of the Report

1

to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The Parties were advised of their right to file objections to the Report. (ECF No. 18 at 6.) However, no objections have been filed to the Report.

In the absence of objections to the magistrate judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

Therefore, after a thorough and careful review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law and the record in this case. The court **ADOPTS** the magistrate judge's Report (ECF No. 18). It is therefore **ORDERED** that Defendants' motion is **GRANTED** as to Plaintiff's claim for intentional infliction of emotional distress and **DENIED** *without* prejudice as to her claims pursuant to the South Carolina Human Affairs Law.

**IT IS SO ORDERED.**

_J. Michelle Childs_

United States District Judge

August 19, 2014
Columbia, South Carolina